UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDRIC GREENE,

                Plaintiff,

-against-

THE UNITED STATES,

                Defendant.

24-CV-2076 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action against the United States invoking the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). He asserts claims regarding loss and delay in the delivery of mail that he sent on September 9, 2023, and October 2, 2023. By order dated March 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Cedric Green alleges that, on September 9, 2023, he mailed a birthday card and postal money order in an unspecified amount to his great-granddaughter, hoping that it would arrive in time for her first birthday on September 17, 2023. (ECF 1 at 2.) The package was mailed, via the United States Postal Service (USPS), from California, where Plaintiff resides, to his great-granddaughter in Jonesboro, Georgia. (*Id*. at 2-3.)

On September 19, 2023, Plaintiff learned "that the birthday card and postal money order w[ere] delayed and damaged . . . ." (*Id*. at 2.) On September 20, 2023, "the package mysteriously arrived in Atlanta, Georgia." (*Id*. at 3.) On September 26, 2023, "the Jonesboro, Georgia postal official indicated they would email the Atlanta processing center to see if they could get the certified mail package [for] Greene's great-grandbaby to Jonesboro." (*Id*.) It is unclear if the package was ever received.

Plaintiff states that, in addition to his claim arising from the September 9, 2023 package, he is also bringing a claim in the Federal Court of Claims based on delay in his mail sent to that court. This mail was sent on October 2, 2023, "but didn't reach its destination until October 16, 2023." (*Id*. at 3.) Plaintiff states that he made an "effort to ask the Claims Court of Washington, DC to work with him under the change of venue codes" but that "the Claims Court of Washington DC went against it." (*Id*. at 2.) Instead, the Court of Claims "elected to issue a filthy order that spoke about the great-grandfather in a derogatory manner." (*Id*.)

Public records reflect that, on October 16, 2023, Plaintiff filed suit in the Court of Claims regarding his September 9, 2023 certified mail package, which had not been delivered as of the date that Plaintiff filed that complaint. *Greene v. United States,* No. 23-CV-1821 (MRS) (Ct. Cl. Jan. 29, 2024) (ECF 21). The Court of Claims dismissed that action, in an order stating: (1) that claims for failure to deliver mail sound in tort, and (2) that transferring the case to the district court would be inappropriate as the claims could not originally have been brought in the district court (because the claims were within the postal matter exception to the FTCA's waiver of sovereign immunity, and there was no other apparent basis for waiving sovereign immunity). The Court of Claims further noted that Plaintiff had "filed more than three hundred cases in other federal courts," many of which had been found to be "frivolous, malicious, or vexatious," and held that his "abuse of the judicial system precludes him from proceeding [*in forma pauperis*] in this Court," though he could pay the full filing fee to bring a new action in the Court of Claims. *See Greene*, No. 23-CV-1821, 21 (Order at 4-5, 7). The Court of Claims noted that several of Plaintiff's prior suits, which arose from similar claims of lost birthday cards or other mail, had been dismissed as frivolous, and that in one such suit he was sanctioned for vexatious litigation. *Id.* (Order at 6 (citing *Greene v. United States Postal Serv.*, No. 3:20-CV-1172, 2020 WL 3452279 (N.D. Tex. June 24, 2020))).

## DISCUSSION

### A.   Federal Tort Claims Act

As the Court of Claims has already advised Plaintiff, sovereign immunity bars his claims for lost or damaged mail because the FTCA does not waive the immunity of the United States for such claims. The Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, provides that the USPS is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, with the power "to sue and be sued in its official name." 39 U.S.C.

§ 401(1).The PRA also states, however, that the FTCA "shall apply to tort claims arising out of activities of the [USPS]." *Dolan v. USPS*, 546 U.S. 481, 484 (2006) (internal quotation marks and citations omitted). "The proper defendant in an FTCA claim is the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). Plaintiff names the United States as the sole defendant in this action and invokes the FTCA.

The FTCA waives the sovereign immunity of the United States for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). This waiver of sovereign immunity does not apply, however, to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).[1] Thus, the FTCA does not waive sovereign immunity for claims of lost or misdelivered mail. *See Dolan*, 546 U.S. at 482 ("Congress intended to retain immunity only for injuries arising because mail either fails to arrive or arrives late, in damaged condition, or at the wrong address."). Plaintiff's claims under the FTCA for his lost and delayed mail must therefore be dismissed because there is no waiver of sovereign immunity for such claims.

---

[1] The postal matter exception for FTCA tort claims, set forth in Section 2680(b), also applies to registered mail. *See, e.g.*, *Lam v. U.S. Postal Serv.*, 2006 WL 2729199 (E.D.N.Y. 2006). But in the case of registered or other insured mail, the sender may have a claim sounding in contract. *See Blanc v. U.S. Postal Serv.*, No. 14-CV-1404 (ARR), 2014 WL 931220 at *2 (citing 28 U.S.C. § 1346(a)(2) (waiving sovereign immunity for certain contract claims)). "In order for the USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all 'administrative remedies available under the postal regulations' before the party files a lawsuit." *Nisnick v. U.S. Postal Serv.*, 242 F. Supp. 3d 341, 350 (D.N.J. 2017) (quoting *McBride v. U.S. Postal Serv.*, No. 07–CV–0446 (NG), 2007 WL 1965337, at * 2 (E.D.N.Y. June 29, 2007)). Here, Plaintiff does not have a contract claim because he indicates that his package was sent certified mail (ECF 1 at 3), which does not include insurance coverage, DMM § 503 (3.2.1 Certified Mail Description ("No insurance coverage is provided.")).

4

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**B.    Litigation History**

Plaintiff was already on notice before he brought this action that he could not bring an FTCA claim for lost, delayed, or misdelivered mail. *See Greene,* No. 23-CV-1821 (Ct. Cl. Jan. 29, 2024) (ECF 21) (describing litigation history). Accordingly, Plaintiff is warned that bringing further frivolous or vexatious litigation in this Court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's FTCA claims, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h) (3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   April 22, 2024
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                              Chief United States District Judge